**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

————————————————

No. 01-10477

————————————————

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**DECEMBER 14, 2001**
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 98-00941-CV-ORL-31

ARTISAN CONTRACTORS ASSOCIATION
OF AMERICA, INC., a Delaware corporation,

Plaintiff-Appellant,

versus

FRONTIER INSURANCE COMPANY,
a New York business organization,
FRONTIER PACIFIC INSURANCE COMPANY,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(December 14, 2001)

Before ANDERSON, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Artisan Contractor's Association of America, Inc. (ACA), the prevailing party

in a copyright infringement suit, appeals the district court's decision to deny its motion to recover all of its expert witness fees from Frontier Insurance Company (Frontier).[1]  Pursuant to 17 U.S.C. § 505,[2] the court in its discretion may allow "full costs" against a party other than the United States or an officer thereof.  The question in this appeal is whether the "full costs" language of § 505 permits the recovery of expert witness fees beyond the limitations specified in 28 U.S.C. §§ 1920 and 1821.  We join the United States Court of Appeals for the Eighth Circuit in holding that it does not.  We therefore affirm the district court's decision.

ACA sued Frontier for infringing its copyright on an insurance policy.  The jury found that Frontier had willfully infringed that copyright and had used ACA's service marks.  The jury awarded zero damages for the copyright infringement, $15,000 for the service mark infringement, and $62,000 in profits.  After including statutory damages and prejudgment interest, the district court entered judgment in the amount of $89,593.00.

---

[1]ACA also challenges the district court's refusal to award attorney's fees.  After oral argument and careful review of the record and the district court's opinion, we conclude that the district court did not abuse its discretion in declining to award attorney's fees.  ACA's brief on appeal fails to assert any other challenges to the judgment of the district court with sufficient specificity for this court to entertain them.

[2]17 U.S.C. § 505 states:
In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Following Pinkham v. Camex, Inc., 84 F.3d 292 (8th Cir. 1996), the district court held that 28 U.S.C. § 1920 and 28 U.S.C. § 1821 limit the costs that can be assessed in favor of a prevailing party to reimburse the party for fees paid to its own expert witnesses, thus rejecting ACA's argument that 17 U.S.C. § 505 and its "full costs" language constitute a clear expression of congressional intent to override the limitation on expert witness fees in 28 U.S.C. § 1821. ACA appeals, challenging this holding.

We agree with the district court, and affirm its judgment. We follow the holding and reasoning of the Eighth Circuit in Pinkham. Pinkham in turn relied upon Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494 (1987). There the Supreme Court noted that 28 U.S.C. § 1920 embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party.[3] The Court noted that the taxable expert witness fees specified in § 1920(3) are defined in 28 U.S.C. § 1821(b), which provides as follows:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section.
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's

---

[3]28 U.S.C. § 1920 states, in relevant part:
"A judge or clerk of any court of the United States may tax as costs the following:
. . .
(3) fees and disbursements for printing and witnesses."

attendance.  A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. 1821(b).  Rejecting an argument that the court could assess as costs a prevailing party's expert witness fees in excess of the amount specified in § 1821, the Court held:

> We will not lightly infer that Congress has repealed §§ 1920 and 1821, either through Rule 54(d) or any other provision not referring explicitly to witness fees.  As always, "'[w]here there is no *clear* indication otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.'" . . . Any argument that a federal court is empowered to exceed the limitations explicitly set out in §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections ignores our longstanding practice of construing statutes *in pari materia*.

Crawford Fitting, 482 U.S. at 445 (citations omitted).

The Eighth Circuit in Pinkham held that the "full costs" language in 17 U.S.C. § 505 does not constitute clear, explicit or plain evidence of "congressional intent to treat 17 U.S.C. § 505 costs differently from costs authorized in other statutes." Pinkham, 84 F.3d at 295.  Thus, the Eighth Circuit held that expert witness fees taxable as costs pursuant to § 505 are limited as provided in 28 U.S.C. §§ 1920 and 1821(b).  We agree.  We follow the Eighth Circuit, and hold that costs that may be assessed to reimburse a prevailing party for its expert witness fees are limited to the $40 limit provided for in 28 U.S.C. § 1821(b).  Section 505 makes no clear reference

to witness fees, nor otherwise evinces a clear congressional intent to supercede the limitations imposed by § 1821.

Accordingly, the judgment of the district court is

**AFFIRMED.**